IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| CHRISTOPHER BRUMMETT WILSON, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| | : | |
| VS. | : | **1 : 07-CV-78 (WLS)** |
| | : | |
| THALRONE WILLIAMS, Warden, | : | |
| | : | |
| | : | |
| Respondent. | : | |

## RECOMMENDATION

Presently pending in this § 2254 action is the respondent's Motion to Dismiss the petition as untimely. The respondent contends that the petitioner filed this federal habeas petition after the running of the one-year statute of limitations imposed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). This federal petition was executed on April 26, 2007.

Pursuant to the AEDPA, which became effective on April 24, 1996, and is codified at 28 U.S.C. § 2241 et seq, a one-year statute of limitations applies to federal habeas petitions, running from the latest of several events. Section 2241(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review". The Act further provides that "[t]he time during which a properly filed application for state post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection." § 2244 (d)(2).

The petitioner was convicted on charges of identity fraud in June 2004 in the Superior Court of Calhoun County. His conviction was affirmed on appeal on October 20, 2005. The petitioner

filed a state habeas petition on January 24, 2006. Petitioner's motion for reconsideration of the state habeas corpus court's order dismissing his petition was denied in an order filed May 23, 2006.

A review of the record herein reveals that the filing of this federal habeas petition was clearly untimely, and that the tolling provision of § 2244(d)(2) does not protect the petitioner. The petitioner's conviction became final on October 31, 2005, the date on which the time for filing further appellate review expired. As the respondent points out, the petitioner had ten (10) days from the date of the appellate decision affirming his convictions in which to either move for reconsideration or file a notice of intent to apply for certiorari to the Georgia Supreme Court, and the petitioner did neither. Pursuant to 28 U.S.C. § 2244(d), the petitioner had one year, or 365 days, from October 31, 2005, in which to file this federal petition, and/or toll the limitations period by filing a state habeas petition. The petitioner's state habeas petition was filed on January 4, 06, tolling the one-year limitations period 671 days after this period had begun. Following the completion of collateral review on May 23, 2006, when the state habeas court denied petitioner's state petition and the tolling of the limitations period thereby ceased, the petitioner waited an additional 338 days, or until April 26, 2007, to execute this federal petition, for a total period of 403 days.

In his response to the respondent's motion to dismiss, the petitioner sets out his various attempts to file a second state habeas petition, following the denial of his first state petition and prior to the filing of this federal habeas petition, and his attempts to obtain a copy of his trial transcript. These efforts to pursue additional collateral relief in the form of an apparent successive state habeas petition and/or additional grounds for relief do not serve, however, to further toll the one-year limitations period.

Based on the petitioner's untimely filing of this federal petition, it is the recommendation of

the undersigned that the respondent's Motion to Dismiss be **GRANTED** and that this matter be dismissed with prejudice.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 30th day of November, 2007.


 /s/ ***Richard L. Hodge***
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb